UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ADAM STERLE | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No.: |
| v. | ) |
| | ) |
| ROCHE DIAGNOSTICS CORPORATION | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an employment discrimination action brought by Plaintiff, Adam Sterle ("Sterle"), by counsel, against Defendant, Roche Diagnostic Corporation ("Roche") for its discriminatory actions taken against him based on his religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*

### II. PARTIES

2. At all relevant times to this action, Sterle resided within the boundaries of the Southern District of Indiana.

3. Defendant is a domestic for-profit corporation which maintains offices and conducts business in the geographical boundaries of the Southern District of Indiana. It can be served through its registered agent, CT Corporation System at 334 North Senate Avenue, Indianapolis, IN 46204.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 2000e-5(f)(3).

5.	Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

6.	Plaintiff is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

7.	Plaintiff exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission. Plaintiff received his Notice of Suit Rights for the Charge of Discrimination and timely files this action.

8.	All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

## IV. FACTUAL ALLEGATIONS

9.	Sterle was hired by the Defendant on or about January 6, 1997. Sterle continues to meet or exceed Defendant's legitimate performance expectations.

10.	On or about August 30, 2021, Defendant enacted a COVID-19 Vaccine Mandate ("Mandate"). The Mandate required that every employee be vaccinated by November 15, 2021. Defendant created a process under the Mandate for religious and medical exemptions.

11.	Prior to the Mandate, Sterle's last held position was as a Product Manager. This was a non-customer facing role.

12.	On or about September 20, 2021, Sterle submitted a religious exemption request. Said request was granted on or about October 7, 2021.

13.	Without warning, Sterle's religious exemption was rescinded on or about November 11, 2021. The Defendant stated that due to Sterle's position being a customer facing role his exemption could no longer be approved.

14.	Sterle submitted an internal appeal regarding the Defendant's rescission of his religious exemption. He never received an acknowledgment or response to his appeal.

15. Sterle was able to find a lesser role with less pay, benefits, and career opportunities prior to November 15, 2021. Said position was as a Trainer/Designer and was for a fixed term of eight months.

16. At the conclusion of the fixed eight-month term, Sterle's position was extended until the end of 2022.

17. Sterle has been harmed as a result of Defendant's actions.

## V. CAUSES OF ACTION

### COUNT I – TITLE VII – RELIGIOUS DISCRIMINATION

18. Plaintiff hereby incorporates paragraphs one (1) through seventeen (17) of his Complaint as if it were set forth at length herein.

19. Plaintiff was discriminated against based on his sincerely held religious belief when he was subject to less favorable terms and conditions in his employment and when his religious accommodation request was denied.

20. Defendant discriminated against Plaintiff on the basis of his sincerely held religious beliefs by subjecting him to disparate treatment.

21. Defendant discriminated against Plaintiff on the basis of his sincerely held religious beliefs by failing to engage in the interactive process in good faith and denying his reasonable accommodations.

22. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

23. Defendant's conduct was deliberate, willful, and in reckless disregard for Plaintiff's civil rights.

24. Plaintiff has suffered damages as a result of Defendant's unlawful conduct.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Adam Sterle, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstatement of Plaintiff to his original or a comparable position and salary he would have enjoyed but for Defendant's unlawful actions, or front pay in lieu thereof;

2. Award Plaintiff back pay he would have earned, including benefits and other perquisites of employment, but for Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of Title VII;

5. Punitive damages for violations of Title VII;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/Taylor Ferguson
Andrew Dutkanych, III
Taylor Ferguson
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
tferguson@bdlegal.com
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Adam Sterle, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

*/s/Taylor Ferguson*
Andrew Dutkanych, III
Taylor Ferguson
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
tferguson@bdlegal.com
*Counsel for Plaintiff*