UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ADAM STERLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-01654-RLY-MJD |
| | ) |
| ROCHE DIAGNOSTICS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**ENTRY OVERRULING DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S ORDER COMPELLING DISCOVERY**

Plaintiff Adam Sterle was allegedly removed from his customer-facing position with Defendant Roche Diagnostics Corporation because he refused to receive the COVID-19 vaccine over his religious objections. As a result, he brings a claim for religious discrimination under Title VII. (*See* Filing No. 1, Compl. ¶ 20). Roche did not move to dismiss this claim. When Sterle sought discovery regarding other employees who submitted accommodations requests and documents reflecting which accommodations requests were approved or denied, Roche refused to comply. After discussion between the parties failed to resolve the dispute, Sterle filed a motion to compel. (Filing No. 47).

This court referred that motion to Magistrate Judge Dinsmore pursuant to Federal Rule of Civil Procedure 72 on June 7, 2023. After considering the parties' submissions, the Magistrate Judge wrote a cogent opinion explaining why Sterle's requests were proper and then granted the motion to compel. (*See* Filing No. 55). Roche timely filed an

1

objection to that order.  (*See* Filing No. 56).  The court reviews the Magistrate Judge's order to determine if any part is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).

Roche's first objection is that Sterle brings a "failure to accommodate claim" rather than a "disparate treatment claim," and the discovery Sterle requests is only relevant to the latter.  That is not correct.  Sterle brings a claim that Roche discriminated against him because of his religion.  *See* 42 U.S.C. § 2000e–2(a) (making it unlawful for an employer to "discriminate against an[] individual . . . because of such individual's . . . religion.").  Two alternative theories support that cause of action: "Defendant discriminated against Plaintiff on the basis of his sincerely held religious beliefs by subjecting him to disparate treatment" *and* "Defendant discriminated against Plaintiff on the basis of his sincerely held religious beliefs by failing to engage in the interactive process in good faith and denying his reasonable accommodations."  (*See* Compl. ¶¶ 20–21).  A plaintiff is allowed to allege two theories that justify their claim for relief.  Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, *either in a single count* or defense *or in separate ones*.") (emphases added).  Sterle did that here.

Roche next claims that Sterle's *legal* claims are legal conclusions that should not be afforded the presumption of truth.  Of course legal claims are legal conclusions, but there is no requirement they be "true" to receive discovery.  Fed. R. Civ. P. 26(b) (explaining parties may obtain discovery "that is relevant to any party's claim or defense and proportional to the needs of the case").  Roche has not cited a case that supports the

application of the motion to dismiss standard in deciding a motion to compel.[1]  (Compl. ¶ 20).

Finally, Roche argues that Sterle requests 100 employee personnel files and that this request is unduly burdensome.  This is also not correct.  Per the Magistrate Judge's order, Roche must produce only eight personnel files so long as it complies with the non-document producing interrogatories.[2]  (Filing No. 55, Magistrate Judge's Order at 5 n.3 ("Plaintiff has agreed to withdraw his request for all but the eight decisionmakers' personnel files, and producing eight files is hardly unduly burdensome.")).  After a searching inquiry, the court can find no clear error in the rest of the Magistrate Judge's order.  Accordingly, Roche's Objection to the Magistrate Judge's Decision (Filing No. 56) is **OVERRULED** and the Magistrate Judge's order is **ADOPTED**.

**IT IS SO ORDERED** this 31st day of July 2023.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsels of Record.

---

[1] Roche cites the Supreme Court's recent decision in *Groff v. DeJoy*, 144 S. Ct. 2279 (2023), but that case is about a failure to accommodate claim and says nothing about what evidence is relevant to a disparate treatment claim more generally.

[2] Roche claims in its reply brief that the motion to compel "does not address Document Requests No. 16 and 17." (Def.'s Reply Br. at 6).  This is factually inaccurate.  In his motion to compel, Sterle wrote: "**Request for Production Nos. 16 and 17** seek the personnel files of [eight individuals].  Defendant maintains that said information is not discoverable. . . . Defendant has failed to supplement its responses as requested. . . . [T]he Plaintiff respectfully request[s] that the [c]ourt enter" the proposed motion to compel.  (Filing No. 47-2 at 10–11 (bolding and underlining in original)).