UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ADAM STERLE,                                )
                                            )
                    Plaintiff,              )
                                            )
            v.                              )        No. 1:22-cv-01654-RLY-MJD
                                            )
ROCHE DIAGNOSTICS CORPORATION,              )
                                            )
                    Defendant.              )

**ORDER ON MOTION TO SEAL**

This matter is before the Court on Defendant's Motion to Maintain Documents Under

Seal.  [Dkt. 81.] For the reasons set forth below, the motion is **DENIED**.

**I.  Discussion**

Courts must take care when determining whether to seal documents and thus shield them

from the public. This is because "[d]ocuments that affect the disposition of federal litigation are

presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute,

rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *see*

*Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) ("It is beyond dispute that most documents

filed in court are presumptively open to the public."). This long-standing presumption of public

access may be rebutted under certain circumstances, however. For example, a litigant may

request to "conceal trade secrets, and, if there are compelling reasons of personal privacy, to

litigate under a pseudonym." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 832 (7th Cir. 2013)

Still, "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002).

A party may therefore only file a document under seal if it has shown "good cause" to do so. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see In re Bridgestone / Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.*, 198 F.R.D. 654, 656 (S.D. Ind. 2001) ("The good cause determination requires at least 'a description of the documents and the reasons for their sealing.'") (quoting *In re Associated Press*, 162 F.3d 503, 510 (7th Cir. 1998)). It is not enough to merely assert that disclosure would be harmful; a party must explain how disclosure would cause harm. *Baxter*, 297 F.3d at 547. Moreover, simply designating information as confidential is insufficient to permit under-seal filing, *see Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) (explaining that requests to seal documents based on confidentiality orders have been uniformly rejected unless good cause exists), and "[a] protective order does not authorize a party to file a document under seal." Local R. 5-11(d)(1)(D).

On September 27, 2023, Defendant filed the instant unopposed motion, seeking to maintain Exhibit 2 to the Declaration of Ryan Ricchio, which Defendant filed at Docket No. 80, under seal. [Dkt. 81.] In its motion, Defendant states that the document contains two pages of attorney notes taken during the accommodation process conducted by Defendant in response to Plaintiff's request for religious accommodation. It is unclear whether Plaintiff intends for this document to fall under a privilege or be protected as work product, but regardless, any protection has been waived by filing the document with the Court.[1] *Matter of Cont'l Illinois Sec. Litig.*, 732

---

[1] Certain portions of the document filed with the Court have been redacted.  Those redacted portions are not before the Court and are not at issue in the instant motion.

F.2d 1302, 1314-15 (7th Cir. 1984) (Attorney client privilege is waived when contents of the privileged communications are put in issue by the party asserting privilege.). The simple fact that the document may at one point have been privileged or work product is no basis to maintain it under seal. Further, as noted above, an agreement of the parties regarding the sealing of a document is not sufficient to support maintaining the document under seal by the Court.

## II.  Conclusion

For the reasons set forth above, Defendant's Motion to Maintain Documents Under Seal, [Dkt. 81], is **DENIED and the Clerk is directed to UNSEAL Docket No. 80**.

Pursuant to Local Rule 5-11(g), documents ordered unsealed by this order shall be unsealed after 21 days absent a Fed. R. Civ. P. 72(a) objection, a motion to reconsider, an appeal, or further court order.

SO ORDERED.

Dated:  31 OCT 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.

3